IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IOU CENTRAL, INC. : | |
| d/b/a IOU FINANCIAL, INC : | |
| : | |
| Plaintiff, : | |
| vs. : | CASE NO. 1:20-cv-02863-CC |
| : | |
| BENZ ACQUISITION CO, INC. et al : | |
| : | |

**PLAINTIFF'S RESPONSE TO MOTION TO COMPEL [DOC 49]
AND MOTION TO DISMISS [DOC 35]**

IOU responds to the Motion to Compel [Doc 49] and again to the Motion to Dismiss [Doc 35] and incorporates its Responses [Doc 31, 36] Motion [Doc 44] Notice [Doc 43] and Amended Complaint [Doc 29].

**STATEMENT OF FACTS**

1.      On 7/8/20, Plaintiff IOU filed suit [Doc 1], naming Defendants whom process issued [Doc 2-4, 7] who were served [Docs 15-18].

2.      Defendants J&J, King and Hansen filed a Motion to Dismiss based on personal jurisdiction [Doc 9-10] They included two affidavits for King and Hansen with this Motion. [Doc 10-1 and Doc 10-2] No affidavit was provided for J&J.

3.      Plaintiff moved for multiple extensions of time to respond to the Motion to Dismiss *and* comply with all deadlines, based on the representations of

defense counsel that her clients sought to settle this case [Doc 20, 22, 25, 27, 30] Defendants and their counsel clearly misrepresented their intentions to settle, just to delay this case for six weeks as Plaintiff documented [Doc 31, p. 2].

4. Plaintiff timely filed an Amended Complaint [AC] with many new allegations and two exhibits, further supporting personal jurisdiction in Georgia and its claims, removing Defendant King [Doc 29].

5. Plaintiff lent over $76,000.00 to Benz Acquisition [Business] and its owner William Benz, per a Note/Security Agreement he guaranteed. [Amended Complaint: AC: ¶ 7-19] [Doc 36-1 and 36-2] The Note and Guaranty are governed by Georgia law and Georgia forum clauses [Note ¶ ¶ 22-23 and Guaranty ¶ 11]. Business defaulted on the Note and IOU filed suit after which Mr. Benz rapidly filed bankruptcy [AC ¶¶ 4, 20-22].

6. Defendant J&J acquired Business during the bankruptcy and prior lawsuit, a transaction undisclosed to IOU, from which J&J and Hansen have effectuated and benefitted, doing business in Georgia as detailed in the Amended Complaint <u>which they openly advertised.</u> [AC: ¶¶ 22-33, <u>Exhibit 1-2</u>]

7. IOU sued Defendants to enforce the Instruments against them, as successors to Business and Benz. [AC ¶ ¶ 34-41] breach of the Instruments. [AC ¶ ¶ 42-47] tort claims as to their acquisition of Business, its property, assets and

proceeds [AC ¶¶ 48-56] recovery of the Funds [AC ¶¶ 57-62] enforcement of its security instrument and alternative relief [AC ¶¶ 63-73] and fees [AC ¶¶ 74-78].

8. Defendants filed an unsupported Motion to Dismiss the Amended Complaint, inexplicably including Defendant King, improperly raising many matters outside the Amended Complaint, requiring its denial [Doc 35].

9. <u>The 'affidavits' in support of this Motion were the same ones filed in the prior Motion</u> [Compare Doc 35-1, 35-2 to Doc 10-1, 10-2]. IOU responded to this Motion, addressing the invalid Affidavits in its Response [Doc 36].

10. Defendants filed a Reply [Doc 40] who added an improper Affidavit [Doc 40-1] with their improper request for relief to exceed page limits [Doc 40, p. 14-15]. Defendants filed a Motion [Doc 38] for to add new affidavit to their Motion, citing no authority or grounds [Doc 38].

11. IOU filed a Motion to Strike the improper defense Motion for Leave, Affidavits, part of the Reply and Order [Doc 44]. Defendants filed a Response [Doc 46] which again cites no authority or grounds in opposition to the Motion to Strike, who instead focus upon an irrelevant sampling of other cases litigated by IOU [while omitting a number resolved in favor of IOU].

12. Defendants then filed an unsupported Motion to Compel Discovery [Doc 49] contending that Plaintiff refused to conduct a Rule 26 [f] conference; refused to formulate a discovery plan; refused to provide disclosures; refused to participate in discovery; did not respond to their discovery [Doc 49-1, p. 2] while acknowledging their stalling tactics [Compare Doc 49-1 p. to Doc 32 p. 2].

13. The Motion to Compel cites nothing in the record showing discovery was to commence during the pending Motion to Dismiss.

14. The defense "disclosures" do *not* comply with Rule 26, which provide no basis for their defenses, who just restate the Motion to Dismiss [Doc 33, p 3-6] Their non-compliance is unmentioned in their Motion to Compel [Doc .49-1, p. 3]. That Motion also fails to explain the <u>3-month gap</u> between Plaintiff's alleged failure to serve its disclosures in September 2020 and the alleged follow-up by Defendants in December 2020, <u>based upon a single alleged letter</u> [Doc 49-1, p. 3].

15. The Motion to Compel cites no basis for its claim that defense counsel attempted to conduct a Rule 26 [f] conference or formulate a discovery plan in September 2020 [Doc 49-1, p. 4-5] The Motion again fails to explain the 3-month gap between the alleged attempts of defense counsel to obtain the report in September and her alleged single-letter follow-up in December [Doc 49-1, p. 5].

16. The Motion to Compel also cites no basis for its claim that discovery was to expire January 3, 2020 [Doc 49-1, p. 6] after admitting the parties never conducted a Rule 26 [f] conference [Doc 49-1, p. 5]

17. The Motion also cites no basis for its claim that Defendants served discovery on Plaintiff on December 4, 2020 [Doc 49-1, p. 5-8]. <u>No certificates of service for the alleged discovery are filed in the record of this case as required by the Federal Rules and Local Rules</u>. [See L.R. 5.4 A requiring a certificate of service of discovery material]

18. The defense discovery was then allegedly served by '*hand delivery*' on 12/4/20, near to the '<u>end</u> of discovery' to a mailbox for Plaintiff's counsel [Doc 49-3 p. 14, 49-4, p. 11]. No explanation is provided for this odd means of delivery, *instead email or mail*, particularly considering COVID. The Motion notably <u>fails</u> to identify the person who 'delivered' the documents. The Motion fails to identify the person who 'delivered' this letter, again oddly <u>not</u> sent by email, due to COVID, contrary to numerous email communications between the parties throughout the earlier stages of this case, including the settlement communications, in which Defendants <u>repeatedly stalled for more time</u> [Doc 31, p. 1-2].

19.     The boilerplate defense discovery seeks a long laundry list of items, improperly seeking discovery on a dismissed state court case involving IOU and Benz [Doc 49-3, p. 3; citing 2017 answer in state court case in yellow]. The defense seeks discovery on nearly every averment of the Amended Complaint [Doc 49-3, p. 5-11] and discovery of Plaintiff's other actions [Doc 49-3, p. 12] which have no relationship with this action, per Fed. R. Civ P. 26. "All' documents are then sought as to these same improper categories of discovery, which include an 'organizational chart for Plaintiff [Doc 49-, p. 1-10]

20.     The Motion *never* cites Fed. R. Civ P. 26 and argues the 'discovery' relates to the claims and defenses at issue [Doc 49-1, p. 14-19]. The Motion is instead based upon the defense argument they are automatically entitled to seek and obtain *any* information they please, without regard to Rule 26.

21.     The Motion seeks to have the unsupported, improper untimely defense affidavits, on the *Complaint and Amended Complaint*, taken as true [Doc 49-1, p. 19] *without* regard to their truth or falsity or to the pending Motion to Strike.

22.     The Motion also seeks to bar Plaintiff's evidence on its claims and bar Plaintiff from supporting its claims, while dismissing this action and granting fees to the Defendants [Doc 49-1, p. 20] *despite* the pending Motions on these matters, which the Court has not yet adjudicated, again despite their validity.

23.     The Motion is based on a '*hand-delivered*' letter of 12/4/20 as to the discovery plan and disclosure issues [Doc 49-2] [three months <u>after</u> they allegedly arose] and a *<u>single</u>* email dated January 15, 2021 on the alleged missing discovery responses [Doc 49-5]. The Motion again fails to identify the person who 'delivered' this letter, again oddly <u>not</u> sent by email, due to COVID, again contrary to numerous email communications between the parties throughout the earlier stages of this case, including the settlement communications, in which Defendants <u>repeatedly stalled for more time</u> [Doc 31, p. 1-2].

24.     The Motion *lacks* a certificate of compliance with the conferral requirements of Fed. R. Civ. P. 37 (a) (2)(A) (B), as cited in L.R. 37.1 A (1). [Doc 49, p. 2 and Doc 49-1, p. 22] alone requiring its denial.

25.     The Motion should be denied, which <u>waived</u> the personal jurisdiction defense of Movants [Doc 35] <u>who seek merits-based discovery and affirmative relief as detailed below, requiring denial of their Motion to Dismiss [which shares many if not all defects of this Motion]</u>

## MEMORANDUM OF LAW

The Court is requested to take notice of these matters per Fed. R. Evid. 201. Even if this Response is untimely, it raises colorable, valid legal arguments, unlike the Motion. The Court considered far less timely responses. **_Manitchell v. Suntrust_**, LEXIS 180930, FN2 (N.D. Ga. 2015) [considered response to motion to dismiss, filed over 2 weeks late], *citing* **_Clark v. Deal,_** LEXIS 115582 (N.D. Ga. 2009) [considered untimely response to motion to dismiss six [6] days late]; **_Johnson v. Am Meter_**, 412 F. Supp. 1260,1262 n.3 (N.D. Ga. 2004) [addressed merits of motion to dismiss, despite plaintiff's failure to timely respond to motion]

### I.     The Motion does not comply with the Federal and Local Rules.

The Motion fails to address its above defects per the federal and local rules *See* Fed. R. Civ. P. 7 (b) (1) (B) ["motion must state its grounds for relief with particularity"] *cited by* **_Long v. Satz_,** 181 F.3d 1275, 1279 (11th Cir. 1999) [motion to amend failed to comply with rule] These arguments were waived, requiring denial of the Motion. **_Coalition v. Atlanta_**, 219 F.3d 1301, 1326 (11th Cir. 2000) [failure to brief and argue issue means it is abandoned]; **_Hudson v. Norfolk_**, 209 F. Supp. 2d 1324 (N.D. Ga. 2001) ["[W]hen a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned."] (citing **_Resolution v. Dunmar_**, 43 F.3d 587, 599 (11th Cir. 1995);

*Northern Assur. v. Bayside*, LEXIS 4033, *8-9 (N.D. Ala 2009) [cited above cases, party abandoned arguments by failing to respond to them in a motion] *Lyes v. City of Riviera Beach, Fla.*, 126 F.3d 1380, 1388 (11th Cir. 1997) ["the onus is upon the parties to formulate arguments"] Each omission in the Motion is addressed below, requiring its denial.

### II.     The Motion fails to comply with the Rules on Conferral and Service.

A party must *confer in good faith* to resolve a discovery dispute *before* moving to compel. Fed. R. Civ. P. 37 (a) (2)(A) (B), *cited* by L.R. 37.1 A (1). A letter does *not* fulfill this requirement. *Hays v. Adam*, 512 F. Supp. 1330, 1334-1335 (N.D. Ga. 2007) [denied motion to compel based on letter, *citing* *Garner v. Academy*, LEXIS 43265, at *4 (N.D. Ga. 2005) [denied motion to compel as single letter and failure to discuss discovery issues was not good-faith effort to resolve dispute] "Sending a letter merely demanding compliance with discovery requests does *not* fulfill the conferral requirement." *Khan v. Shailendra*, LEXIS 199034 *3 (N.D. Ga. 2014) [denied motion to compel, after 3 'demand letters'] as:

> "When the responding parties replied to these letters, *Plaintiffs apparently did not make a single phone call or respond at all to try to work through remaining issues*. Under these circumstances, in light of the authority outlined above, it *cannot* be said Plaintiffs conferred in a good faith effort to resolve the issues before filing their motion. In resolving this issue, the undersigned must also consider whether the fact that Plaintiffs' counsel sent 3 separate letters makes the foregoing authority inapplicable. Each of the letters is an initial effort to identify

shortcomings in three separate responses. <u>The fact the initial Rule 37 letters were sent separately to track the 3 discovery requests does not change the fact that after receiving the responding parties' consolidated reply, Plaintiffs made absolutely no effort to confer and simply hauled off and filed the motion. In sum, the undersigned concludes Plaintiffs' counsel did not confer in good faith by writing letters demanding compliance and failing to respond to the consolidated reply before filing the motion.</u> ***Id*** at * 8-9

The Motion is invalid for lack of conferral: it is based on the 12/4/20 letter [Doc 49-2] and a 'follow up' email of 1/15/21 [Doc 49-5]. Neither are sufficient. ***Robinson v. Wells Fargo***, LEXIS 206566 *14-15 (N.D. Ga. 2012). [denied motion to compel per failure to confer as "<u>In this district the Fed. R. Civ. P. 37(a)(1) meet-and-confer requirements are not satisfied merely by requesting or demanding compliance with requests for discovery. A single letter does not constitute a sufficient effort to resolve discovery issues outside of court, and without judicial intervention, pursuant to Fed. R. Civ. P. 37(a) and L.R. 37.1</u>]

<u>A Motion to Compel must include a certification that the parties conferred in good faith per Fed. R. Civ. P. 37 and L.R. 37.1</u>. The Court in ***Khan*** denied that motion for its failure to comply with this requirement. ***Khan*** * 5-6. The instant Motion lacks this certificate also requiring its denial [Doc 49 p. 4, 49-1, p. 21-22]. <u>Even an alleged *complete* failure to respond to discovery requires this certification.</u> ***Ekokotu v. Fed. Express***, LEXIS 160526 *3-4 (N.D. Ga. 2011) [denied motion to

compel and for sanctions, regarding alleged unanswered discovery, as the motion lacked a good faith certification per L.R. 37.1, Fed. R. Civ. P. 37]

Furthermore, <u>no certificates of service for the alleged discovery are filed in the record.</u> See L.R. 5.4 A and 26.3 (A), both requiring certificate of service of discovery to be filed in the case record. <u>There is nothing in the record showing IOU's counsel received the 12/4/20 correspondence or the discovery</u> ***[Oshodi v. Lockeed Martin***, LEXIS 162618 *2-3 (N.D. Ga. 2011) [denied motion to compel discovery, noting lack of certificates of service per L.R. 26.3.

Plaintiff's counsel also offered to resolve these issues, who received the below response, requiring denial of the Motion:

> **From:** *Thompson, Ashley S,*
> **Sent:** *Wednesday, February 10, 2021 2:24 PM*
> **To:** *pwersant@ioucentral.com* **Cc:** *Klein, Linda Wells, Lex 'Brittney Pierce '*
> **Subject:** *RE: Activity in Case 1:20-cv-02863-CC IOU Central, Inc. v. Benz Acquisition Co., Inc. et al Notification of Docket Correction*
>
> *Friday is fine for the response to the motion to compel, and you may tell the court I consent to that extension.* <u>*I am not able to withdraw the motion due to the expenses we incurred in having to file it.*</u>
>
> *Ashley S. Thompson*
> *Baker Donelson Bearman Caldwell & Berkowitz, P.C.*

11

> *From: Paul Wersant, Sent: Wednesday, February 10, 2021 2:13 PM*
> *To: Thompson, Ashley S.  Cc: Klein, Linda, ells, Lex, 'Brittney Pierce '*
>
> *Subject: RE: Activity in Case 1:20-cv-02863-CC IOU Central, Inc. v. Benz Acquisition Co., Inc. et al Notification of Docket Correction*
>
> *Hi Ashely,*
>
> *Until Friday would be helpful on the response to the motion, which would address issues with the discovery and motion itself.  However, alternatively, we are willing to respond to your discovery, provide disclosures and do the joint scheduling report by 2/19/21 if the motion to compel is withdrawn. I can file an amended motion for extension to provide for those items if you consent.  I would do them sooner but we have hard deadlines on several other matters involving hearings and pro-bono work. Let me know.*
>
> *Thank you.  Sincerely, Paul Wersant*

Movants used the Motion as an artifice for relief, without seeking to resolve the alleged issues, requiring its denial: who again waives argument on that issue.

## II.     The Motion is Premature.

The Motion also admits the parties *never* engaged in a Rule 26 (f) discovery conference [See Doc 49-1, p. 4-5]. See Fed. R. Civ. P. 26 (f), cited by Fed R. Civ. P. 26 (d) (1), which states as follows:

> *"Timing.* A party may not seek discovery from any source before the parties have conferred as required by Rule 26 (f) except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."

Movants again fail to comply with the meet-and-confer rules on the Rule 26(f) issue: their 12/4/20 demand letter on that issues is invalid as shown above [Doc 49-1, p. 5-7].  In *__Ekokotu__*, the Court denied the motion to compel and for sanctions as to discovery served before being authorized per Rule (f), as follows:

> "Absent a court order or stipulation of the parties to commence formal discovery before the Rule 26(f) pretrial conference or commencement of discovery under the local rules, service of discovery requests on a defendant before the discovery period begins is not authorized and does not alter the times provided under the federal and local rules for responding to the requests. In other words, a plaintiff may not unilaterally accelerate the due dates for responding to discovery by serving requests prematurely on a defendant. See Fed. R. Civ. P. 26(d) & (f); 8 Charles Alan Wright, Arthur R. Miller, et al., Federal Practice and Procedure § 2046.1 (3d ed. 2010). <u>Under all applicable rules, Plaintiff's efforts to pursue written discovery were **premature**. Plaintiff has not moved for expedited discovery, nor has he shown good cause to justify such an order. Although Plaintiff insists that Defendant's responses were legally due on April 7, 2011, "thirty days after answering the suit" (Pl.'s Br., Doc. 16-1 at 1), that is simply incorrect under the federal and local rules as well as the scheduling order issued in this case.</u>" *__Id__* at *4-5

Here, no scheduling order was entered, precluding the premature discovery at issue, requiring denial of the Motion per *__Ekokotu__* as the Motion which failed to address and waived argument on that issue.

### III.     Movants failed to comply with Fed. R. Civ. P. 26.

Movants cite their boilerplate 'discovery,' 22 Interrogatories seeking 'all' persons with knowledge and information relevant to the litigation, 'all' documents' evidencing facts relevant to the litigation, 'all statements, transcripts and records regarding the litigation.' [Doc 49-1, p. 9-12]. Movants seek 'all' documents on a variety of topics, not necessarily related to the case, in 17 Requests for Production [Doc 49-1, p. 12-14] They cite a blurb that their discovery somehow complies with Fed. R. Civ. P. 26 (b) (1) [Doc 49-1p. 14] fail to argue that rule, which states:

> "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

> "Discovery, like all matters of procedure, has ultimate and necessary boundaries…Discovery of matter not "reasonably calculated to lead to the discovery of admissible evidence" is not within the scope of Rule 26 (b)(1).Thus, it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken,  or to events that occurred before an applicable limitations period, unless the information sought is otherwise relevant to issues in the case."

> ***Oppenheimer Fund v. Sanders***, 437 U.S. 340, 351-352 (1978) [court abused discretion in forcing petitioners to pay for class member list for respondents]

<u>The Motion fails to state with particularity how this 'discovery' relates to the claims and defenses at issue, how it is permissible under Fed. R. Civ. P. 26 (b) (1) and why the improper discovery should be compelled.</u> [Doc 49-1, p. 15-19] Fed. R. Civ. P. 7(b)(1) (B) ["motion must state grounds for relief with particularity"]

Furthermore, Movants are *not* entitled to enforce their improper discovery which seek 'any' and 'all' discovery, documents and responses to their discovery, improperly asking for 'everything under the sky.' **<u>Cheney v. U.S. District Court</u>**, 542 U.S. 367, 387-388 (2004) [<u>discovery to 'precisely identify and specifically enumerate the relevant material rather than requesting 'all' and 'any documents' instead of everything under the sky</u>] These issues require denial of the Motion which failed to address and waived argument on them.

IV.     **<u>The Request for Attorney's Fees and Sanctions Should be Denied.</u>**

The request for sanctions, such as attorney's fees, in the Motion should also be denied due to its defects and issues [Doc 49-1, p. 20-21]. See **<u>Ekokotu</u>**, LEXIS 160526 *6-7 (N.D. Ga. 2011) [denied attorney's fees on baseless motion] Again, the Motion [Doc 49-1] is unsupported, requiring it to be disregarded.

The other sanctions [Doc 49-1, p. 22] would require the Court to disregard the merits of this action. This Circuit has a "strong policy of determining cases on their merits" and disfavors resolutions by mere procedural defaults. **<u>Gulf Coast</u>**

*Fans v. Midwest Elecs.*, 740 F.2d 1499, 1510-11 (11th Cir.1984)); *Seven Elves v. Eskenazi*, 635 F.2d 396, 401-02 (5th Cir. Unit A Jan. 1981) [balancing of desire to preserve finality of judgments with the desire judgments reflect the merits of the case]; *Valdez v. Feltman*, 328 F.3d 1291, 1295 (11th Cir, 2003) *See Cf. Banco Continental v. Curtiss Nat'l Bank of Miami*, 406 F.2d 510, 514 (5th Cir. 1969) ["The purpose of the Federal Rules of Civil Procedure is to allow a plaintiff the opportunity to have his case adjudicated on the actual facts and not to be precluded by strict procedural technicalities."] *See Foman v. Davis*, 371 U.S. 178, 181-82 (1962) ["The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."] These issues again require denial of the Motion, which violates the Rules.

**V.     Movants Waived their Personal Jurisdiction Defense.**

Where a party seeks affirmative relief from a court, it normally submits itself to the jurisdiction of the court as to adjudication of claims arising from the same subject matter. *Adam v. Saenger*, 303 U.S. 59, 82 (1938). A defendant may manifest consent to *in personam* jurisdiction by taking steps or seeking relief consistent only with the hypothesis the court has personal jurisdiction. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702-

05, (1982) ["The actions of the defendant may amount to a legal submission to the jurisdiction of the court, whether voluntary or not."] *Id.* at 705. *See* **Salinero v. Johnson & Johnson**, LEXIS 179586 *5-6 (S.D. Fla. 2019) [defendant may waive a personal jurisdiction defense by substantially participating in litigation without pursuing its defense] *citing* **PaineWebber v. Chase Manhattan Private Bank**, 260 F.3d 453, 459 (5th Cir. 2001) ["well-established rule that parties who choose to litigate actively on the merits surrender any jurisdictional objections"]

**Salinero** held that defendant waived its personal jurisdiction defense which (a) conducted a case management conference to file a case management report; (b) stipulated to a motion for protective order, filed a status report; (c) moved to compel plaintiff's examination and set four discovery hearings. *Id* * 13-13

Here, Movants did not seek to stay discovery, restrict it to jurisdictional issues or limit their participation in this case. Instead, they actively seek a broad range of discovery, *on the merits of this case* [Doc 49-1, p-9-14] and *affirmative relief* to sanction IOU for not participating in most of the case management events at issue in **Salinero.** And, like **Salinero**, they waived their personal jurisdiction defense by engaging in those acts, who amply demonstrated their ability and intent to conveniently litigate here. [Doc 49-1, p. 2-8] Notably, they argue:

> "Plaintiff's failure to provide any information in responses have severely hindered the J&J Defendants' ability to prepare their defense

*in this matter*. Accordingly, the J&J Defendants respectfully request not only that the Court compel Plaintiff to provide the all documents and information sought herein within ten days of the entry of its Order, but also that it sanction Plaintiff for its serious *and* total failure to respond to discovery." [Doc 49-1, p. 18]

See also **Catch Curve v. Integrated**, LEXIS 104315 *19-24 FN 5 (N.D. Ga. 2007) [Hon. Clarence Cooper: denied motion to dismiss on personal jurisdiction, per interactive, internet business of Defendants, noting a "qualified right to jurisdictional discovery"] who would not "suffer significant disruption if the litigation continues in Georgia" as "the interests of the plaintiff and the forum in the exercise of jurisdiction will justify even the serious burdens placed upon the alien defendant" [cit. omitted] who "know from the very nature of their businesses, documents can easily be transmitted electronically." "[Movants] knowingly entered into commercial relationships with *Georgia* residents, which resulted in Defendants continually directing electronic transmissions to Georgia residents and receiving payments from the Georgia residents. Under these circumstances, the Court finds that the exercise of **personal jurisdiction** over the Defendants by a Georgia court would not be unfair or unreasonable." *Id* at * 24-15

Movants amply demonstrated it is fair and reasonable for them to litigate in Georgia, with their eager pursuit of merits-based discovery and seeking affirmative relief against IOU with their Motion to Compel and for Sanctions. Movants are

well-placed to defend this rather straightforward Georgia litigation with the local office of their firm: one of 100 largest firms in the country. The Motion to Dismiss [Doc 35] should also be denied given their consent to personal jurisdiction here.

## CONCLUSION

Accordingly, Plaintiff IOU respectfully requests the Motions [Doc 49, 35] both be denied and for all other just relief.

## CERTIFICATE OF COMPLIANCE

Per L.R. 5.1(C), I certify this document was prepared per L.R. 5.1(B) in Times Roman 14-point typeface.

## CERTIFICATE OF SERVICE

I certify a precise copy of this document was filed ECF on the below date, sending ECF notice to opposing counsel of record.

Respectfully submitted this 13th day of February 2021.

By: */s/Paul G. Wersant*
Paul G. Wersant
Georgia Bar No. 748341
3245 Peachtree Parkway, Suite D-245
Suwanee, Georgia 30024
Telephone: (678) 894-5876
Email: pwersant@gmail.com
Attorney for Plaintiff
File No. 34789

/